**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) ARLINGTON ARMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>(1) HOUSTON SPECIALTY INSURANCE COMPANY;<br><br>(2) DEREK O'DANIELL<br><br>Defendants. | Case No. CIV-15-702-W |

**DEFENDANT, HOUSTON SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

**TO: THE JUDGE OF THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

Defendant, Houston Specialty Insurance Company ("HSIC"), by and through its attorneys, pursuant to 28 U.S.C. §1332, §1441 and §1446, files this Notice of Removal of the civil action filed against it in the District Court of Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma. In support of removal, HSIC states as follows:

1. Plaintiff, Arlington Arms, LLC, filed its Petition in Oklahoma County District Court on January 29, 2015. (Certified copy of the Oklahoma County Court Docket attached as Exhibit "1"; copy of Petition attached as Exhibit "2").
2. Plaintiff filed an Amended Petition on May 11, 2015. (Copy of First Amended Petition attached as Exhibit "3").

3. Plaintiff, Arlington Arms, LLC, has pled damages in excess of the amount required for diversity jurisdiction pursuant to Title 28 U.S.C. §1332. (Exhibit 2 at ¶ 1; Exhibit 3 at ¶ 1).
4. Plaintiff is a resident and citizen of the State of Oklahoma. (Exhibit 2 at ¶1; Exhibit 3 at ¶ 1).
5. HSIC is a resident of the State of Texas as its principal place of business is located in Houston, Texas. (HSIC's Original Answer, copy attached as Exhibit "4" at ¶2; HSIC's First Amended Answer, copy attached as Exhibit "5" at ¶ 2).
6. This is the kind of action over which the United States District Courts have original jurisdiction because it involves citizens of different states. The Court should disregard the citizenship of Defendant Derek O'Daniell as his joinder to this litigation is fraudulent. "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Moseley v. Wyeth*, Case No. CIV-02-1120-M, 2002 U.S. Dist. LEXIS 26759, *4 (W.D. Okla. Sept. 13, 2002). The facts of this case and legal arguments asserted support both categories of this rule.
7. First, Plaintiff has demonstrated no real intention of litigating the claims asserted against Mr. O'Daniell. Plaintiff served Mr. O'Daniell on February 3, 2015. *See* **Exhibit** 1, Certified Docket, Serial # 81558044. Pursuant to Okla. Stat., tit. 12, § 2012, Mr. O'Daniell should have filed a responsive pleading by February 23, 2015. Instead, O'Daniell has never filed an answer in the state court lawsuit. Arlington

could have sought a default judgment more than three months ago, but has failed to do so.

8. Arlington filed its First Amended Petition on May 11, 2015. Arlington again named O'Daniell as a Defendant and adopted the allegations contained in Arlington's original Petition including those against O'Daniell. However, the court file does not demonstrate service of the First Amended Petition on O'Daniell and it appears Arlington has not attempted service.

9. Arlington recently confirmed it still employs Mr. O'Daniell "on a contract basis." *See* Plaintiff, Arlington Arms, LLC's Responses to Defendant, Houston Specialty's First Set of Interrogatories, Answer to Interrogatory No. 22, attached as **Exhibit 6**. Therefore, Mr. O'Daniell remains under the Arlington's control and authority, and appears to be available to be served with Arlington's First Amended Petition.

10. Recently, Arlington's counsel filed an Affidavit that demonstrates Arlington and/or its counsel have direct communications with O'Daniell. Therefore, there is no impediment to Arlington's ability to serve either a motion for default judgment or the First Amended Petition on O'Daniell. *See* Affidavit of Gerard F. Pignato ("Pignato Affidavit"), attached as **Exhibit 7**. For example, Plaintiff's counsel apparently has spoken with Mr. O'Daniell about the lawsuit. *See* **Exhibit 7**, ¶ 1. Messrs. Pignato and O'Daniell also apparently discussed Mr. O'Daniell's ability to retain counsel and whether he had liability insurance that "would provide him with a defense." *Pignato Affidavit,* ¶ *2*. Mr. Pignato concluded his affidavit by making several representations on behalf of Mr. O'Daniell, including Mr. O'Daniell's

waiver of "any right he may have to take these depositions at a later date, a second time."

11. Approximately one week later, Arlington filed an affidavit from Mr. O'Daniell that was substantially similar to Mr. Pignato's affidavit. *See* Affidavit of Derek O'Daniell, attached as **Exhibit 8.** The Affidavit demonstrates that not only does Mr. O'Daniell communicate with Arlington and/or its counsel, but it appears he has met with them to provide an Affidavit wherein he waives important legal rights relating to claims Arlington purports to be prosecuting against O'Daniell for substantial monetary damages. The affidavits from counsel and Mr. O'Daniell strongly suggest that Arlington has no intention of litigating the asserted negligence claim against Mr. O'Daniell in good faith, but rather, is working with O'Daniell, and that Mr. O'Daniell is under the control of Plaintiff. .

12. Second, Plaintiff has failed to assert a valid cause of action against Mr. O'Daniell. Plaintiff has asserted a negligence claim against Mr. O'Daniell in this matter; however, pursuant to the Economic Loss Doctrine and Oklahoma law, a plaintiff cannot recover on a tort claim when it only seeks monetary damages. *See Williams Field Servs. Group, LLC v. GE Int'l Inc.*, Case No. 06-CV-0530-CVE-FHM, 2009 U.S. Dist. LEXIS 4723, *20 (N.D. Okla. Jan. 22, 2009); *Waggoner v. Town & Country Mobile Homes, Inc.*, 808 P.2d 649, 653 (Okla. 1990). *See also Indem. Ins. Co. of N. Am. V. American Aviation, Inc.*, 891 So.2d 532, 536 (Fla. 2004) ("The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic

losses."). Plaintiff seeks unspecified damages for Mr. O'Daniell's alleged negligence. Plaintiff has not attested that it suffered any injury other than the alleged monetary damages. Therefore, Plaintiff has failed to assert a valid cause of action against Mr. O'Daniell.

13. Because this is a civil action between citizens of different states in which the amount in controversy is actually in excess of $75,000, this Court has original subject matter jurisdiction over the civil action pursuant to 28 U.S.C. §1332(a)(1). Removal of the action to this Court by HSIC is made pursuant to the provisions of 28 U.S.C. §1441.

14. In accordance with the provisions of 28 U.S.C. §1391(a), venue is proper in the United States District Court for the Western District of Oklahoma because the alleged subject incidents occurred in Oklahoma County, State of Oklahoma, which is the Western District of Oklahoma.

15. By virtue of this Notice of Removal, HSIC does not waive its right to assert any jurisdictional claims or pursue other motions or defenses, including those available under Rule 12 of the Federal Rules of Civil Procedure.

16. In accordance with the provisions of 28 U.S.C. §1446(a) and the local rules of the United States District Court for the Western District of Oklahoma, legible copies of all documents filed in the state court action are being filed contemporaneously with this Notice of Removal and submitted by way of the following exhibits:

**CJ-2015-593 (Oklahoma County District Court)**

Exhibit 1: Certified copy of Oklahoma County Court Docket

Exhibit 2: Petition

Exhibit 3: First Amended Petition

Exhibit 4: HSIC's Original Answer

Exhibit 5: HSIC's First Amended Answer

Exhibit 6: Plaintiff, Arlington Arms, LLC's Responses to Defendant, Houston Specialty's First Set of Interrogatories, Answer to Interrogatory No. 22

Exhibit 7: Affidavit of Gerard F. Pignato

Exhibit 8: Affidavit of Derek O'Daniell

Exhibit 9: Proofs of Service of Petition on HSIC and Mr. O'Daniell

Exhibit 10: Copies of Orders entered by the State Court

17. In accordance with the provisions of 28 U.S.C. §1446(d), HSIC is serving a copy of this Notice of Removal upon Plaintiff and is filing a Notice of Removal with the Clerk of the District Court of Oklahoma County, State of Oklahoma, where this case was originally filed. Copies of the Notice are being served upon Plaintiff and mailed for filing with the Oklahoma County Court Clerk contemporaneous with this document.

WHEREFORE, Defendant, Houston Specialty Insurance Company, prays that the Court take jurisdiction in this action to the exclusion of any further proceedings in the District Court of Oklahoma County, State of Oklahoma.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

*/s/ Brock C. Bowers*

BROCK C. BOWERS, OBA # 15682
JEFF C. GROTTA, OBA # 15774
**HILTGEN & BREWER, P.C.**
9505 North Kelley Avenue
Oklahoma City, OK 73131
(405) 605-9000 - Telephone
(405) 605-9010 – Facsimile

**ATTORNEYS FOR DEFENDANT HOUSTON SPECIALTY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Gerard F. Pignato, OBA #11473

*s/Brock C. Bowers*
**BROCK C. BOWERS**

This will certify that a true and correct copy of the above and foregoing *Defendants' Notice of Removal* has been emailed this 26th day of June, 2015, to the following counsel of record:

Gerard F. Pignato
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 N. Robinson Ave, 11th Floor
Oklahoma City, OK 73102
jerry@pclaw.org
**ATTORNEY FOR PLAINTIFF**

*s/Brock C. Bowers*
**BROCK C. BOWERS**